# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LARRY W. RADER,<br><br>        Plaintiff,<br><br>v.<br><br>DUNKIN DONUTS CO. a/k/a<br>DUNKIN DONUTS FRANCHISING<br>LLC (DE), TRAVELERS INSURANCE<br>a/k/a TRAVELERS PROPERTY<br>CASUALTY INSURANCE<br>COMPANY OF AMERICA, EMC<br>INSURANCE COMPANIES (IA), and<br>AXLEY BRYNELSON LLP,<br><br>        Defendants. | Case No. 21-CV-1274-JPS<br><br><br>**ORDER** |

On November 4, 2021, Plaintiff, who is representing himself pro se in this matter, filed a complaint pursuant to 28 U.S.C. §§ 1331, 1332 that alleges claims arising from a spilled cup of scalding hot coffee. (Docket #1). According to the complaint, Plaintiff filed a lawsuit on June 3, 2021 in Waukesha County Circuit Court for tort damages arising from the incident. *Id.* at 2. On October 27, 2021, the Circuit Court held a hearing on a motion to dismiss. Plaintiff alleges

> [T]he Circuit Judge abruptly left the courtroom and continued the hearing in a separate courthouse area conferring with defendants' counsel to the prejudice and detriment of plaintiff's due process rights.

> Upon vacating the Bench, the Circuit Judge no longer had authority to hear the motions or to confer with counsel—a violation of plaintiff's constitutional right of equal protection of the laws among others.

*Id.* The rest of the complaint consist of a notice of hearing in the state court case, (Docket #1-1 at 1), a letter from Travelers Insurance Company to EMC Insurance Carriers regarding the scalding coffee incident, *id.* at 2–3,[1] Plaintiff's state court notice of motion for declaratory judgment, *id.* at 4, and Defendants' letter to the judge in the state court case explaining why there is no basis for declaratory judgment, *id.* at 5.

On November 15, Plaintiff filed a motion for a temporary restraining order (the "TRO"), (Docket #5), in which he seeks to audit certain insurance records because he suspects that Defendants have lied in their submissions in the Circuit Court. There also appears to be an issue involving a settlement agreement, but the submission is not clear. (Docket #5-1 at 2–3). Before delving into the TRO, the Court must address several preliminary jurisdictional issues.

One of the defendants, Axley Brynelson, LLP, is a Wisconsin-based law firm. Plaintiff, too, is a resident of Wisconsin. The Court lacks jurisdiction because there is not complete diversity. 28 U.S.C. § 1332(a). Moreover, Plaintiff has not clearly alleged that the amount in controversy is over $75,000.00. *Id.* Lack of diversity and an insufficient amount-in-controversy are but two reasons why this case appears to warrant dismissal. It also appears to be barred by the doctrine of *Younger v. Harris* since the claims directly relate to an ongoing state-court proceeding and, to the extent the complaint attempts to raise a constitutional question, none of the defendants are state actors.

---

[1]This letter appears in partial form—the first page deals with Plaintiff's case, but the second page does not follow from the first and relates to a different plaintiff. The full letter can be found at (Docket #5-1 at 11–13), though the last page still references a different plaintiff.

Sua sponte dismissals for failure to state a claim are permissible if "a sufficient basis for the court's action is apparent from the plaintiff's pleading." *Doe on Behalf of Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir. 1986) overruled on other grounds by *Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487 (7th Cir. 1996). However, a "dismissal for failure to state a claim is a decision on the merits with full res judicata effect." *Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987). Such a dismissal, "without notice or a hearing[,] is clearly improper." *Id.* "[E]ven when the dismissal is on jurisdictional grounds, unless the defect is clearly incurable a district court should grant the plaintiff leave to amend . . ." *Id.*

The analysis is somewhat different if the complaint is frivolous. Where a plaintiff pays the filing fee and is not proceeding in forma pauperis, a district court may conduct limited screening and dismiss a complaint, sua sponte, if it appears the allegations are "frivolous." *Weinschenk v. Cent. Intel. Agency*, 818 F. App'x 557, 558 (7th Cir. 2020) ("But when the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal without giving [the plaintiffs] notice and the opportunity to respond.") (citing *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)). "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Id.*

Without question, Plaintiff's complaint does not state a claim for which relief can be granted—there are no allegations about the spilled coffee incident or any resulting injuries, and the vague allusion to a constitutional injury lacks any kind of specificity. Moreover, the entire action appears to be barred by *Younger v. Harris*, which prevents federal courts from sitting in review of state-court proceedings. However, based on

the limited submissions, the Court cannot say with certainty that it is frivolous, or that its jurisdictional defects are "clearly incurable." *Shockley*, 823 F.2d at 1073. Therefore, Plaintiff will be afforded leave to amend the complaint to cure the jurisdictional issues, state a claim, and explain why this matter may be heard notwithstanding *Younger v. Harris*, 401 U.S. 37 (1971). If the amended complaint does not sufficiently address these issues, the case will be dismissed without prejudice or further notice.

In the meantime, the Court will deny the TRO. Should the jurisdictional issues resolve in Plaintiff's favor, the Court will entertain another TRO. However, Plaintiff should take note that injunctive relief is very rarely, if ever, available on the basis of monetary injury alone. *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015) (explaining that a TRO movant must show irreparable harm, inadequate remedies at law, and a likelihood of success on the merits).

Accordingly,

**IT IS ORDERED** that Plaintiff submit an amended complaint within twenty-one (21) days of this Order or the case will be dismissed without prejudice; and

**IT IS FURTHER ORDERED** that the motion for a temporary restraining order (Docket #5) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4