# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY W. RADER,

                Plaintiff,

v.

DUNKIN DONUTS CO. a/k/a
DUNKIN DONUTS FRANCHISING
LLC (DE), TRAVELERS INSURANCE
a/k/a TRAVELERS PROPERTY
CASUALTY INSURANCE
COMPANY OF AMERICA, EMC
INSURANCE COMPANIES (IA),
AXLEY BRYNELSON LLP,
MEAGHER & GEER PLLP, and
LEATHA WOLTER,

                Defendants.

Case No. 21-CV-1274-JPS

**ORDER**

On November 4, 2021, Plaintiff, who is proceeding pro se in this matter, filed a complaint in this Court that did not clearly state a claim. (Docket #1). According to the complaint, Plaintiff filed a lawsuit against the above-captioned defendants on June 3, 2021 in Waukesha County Circuit Court for tort damages arising from an incident involving a spilled cup of hot coffee. (*Id.* at 2). On October 27, 2021, the Circuit Court held a hearing on a motion to dismiss. Plaintiff alleged

> [T]he Circuit Judge abruptly left the courtroom and continued the hearing in a separate courthouse area conferring with defendants' counsel to the prejudice and detriment of plaintiff's due process rights.
>
> Upon vacating the Bench, the Circuit Judge no longer had authority to hear the motions or to confer with counsel—a

> violation of plaintiff's constitutional right of equal protection of the laws among others.

(*Id.*) The rest of the complaint consisted of a notice of hearing in the state court case, (Docket #1-1 at 1), a letter from Travelers Insurance Company to EMC Insurance Carriers regarding the scalding coffee incident, *id.* at 2–3,[1] Plaintiff's state court notice of motion for declaratory judgment, *id.* at 4, and Defendants' letter to the judge in the state court case explaining why there is no basis for declaratory judgment, *id.* at 5. On November 15, Plaintiff filed a motion for a temporary restraining order (the "TRO"), (Docket #5) in this case, in which he sought to audit certain insurance records because he suspected that Defendants have lied in their submissions in the Circuit Court.

On November 22, the Court issued an order explaining that Plaintiff had not stated a claim, noting that it did not have diversity jurisdiction over the matter, and expressing concern that the doctrine of *Younger v. Harris* prevented the Court from exercising jurisdiction over the matter because the facts of the complaint related to an ongoing state court proceeding. The Court invited an amended complaint from the Plaintiff, which he has provided, albeit in piecemeal form. *See* Civ. L.R. 15(a) (prohibiting piecemeal amendments).

The amended complaint does not actually add new allegations or defendants; rather, it operates as a supplement to the complaint. In it, Plaintiff clarifies that his federal court case is intended to challenge the constitutionality of a hearing in the state court matter. (Docket #14). The

---

[1] This letter appears in partial form—the first page deals with Plaintiff's case, but the second page does not follow from the first and relates to a different plaintiff. The full letter can be found at (Docket #5-1 at 11–13), though the last page still references a different plaintiff.

additional facts are not entirely clear and allude to a conspiracy with little factual predicate. In general, Plaintiff claims that he did not receive notice of a hearing in his state court case, and he is dissatisfied with certain decisions in that case. (*Id.* at 2). He appends a transcript of the hearing for which he did not receive notice. (Docket #14-1). The transcript, however, indicates that the state court had received communication from Plaintiff stating that he would not appear at the hearing. (*Id.* at 4:15–18). The state court tried to call Plaintiff, but the call did not go through—ultimately, the hearing on Plaintiff's various motions was rescheduled to October 27, 2021 via videoconference. (*Id.* at 4:18–5:6, 7:4–5). This dovetails with the allegations in Plaintiff's initial complaint, which pertain to a hearing on October 27, 2021 and allege that the state court judge "abruptly left the courtroom and continued the hearing in a separate courthouse area conferring with defendants' counsel to the prejudice and detriment of plaintiff's due process rights." (Docket #1 at 2).

The transcript thus appears to contradict Plaintiff's contention that he did not receive notice of the hearing, and that his claims were resolved in contravention of his rights—rather, it seems the hearing was rescheduled to a time when Plaintiff was able to attend, and he received notice of that hearing, as well. *See* (Docket #1-1 at 1). To the extent that Plaintiff takes issue with the state court judge's disposition of the matter—including the fact that the state court judge may have switched from the courtroom to another room while on the videoconference call—these misgivings do not rise to the level of a constitutional violation.[2]

---

[2] The Court notes some allegations of *ex parte* communications between the circuit court and the defendants—though it is not clear if these were held in Plaintiff's absence (if so, how did he know about them?) or if Plaintiff observed

A district court may not dismiss an action sua sponte unless it gives the plaintiff "notice of its intent to do so and an opportunity to respond." *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996). In its order on November 22, 2021, the Court explained that the complaint did not state a claim for which relief could be granted, and invited an amendment to address the jurisdictional issues, state a claim, and explain why the matter is proper before the Court notwithstanding the ongoing state court proceeding. (Docket #6 at 2). The Court warned that a failure to address these issues would result in dismissal without prejudice and further notice. (*Id.* at 4).

Plaintiff has clarified that his state court tort claim is distinct from this federal case, which purports to bring constitutional claims based on conduct in that state court case. But he has not articulated additional facts that suggest he is entitled to any relief—or what that relief would be—nor has he engaged with the Court's concerns regarding the propriety of evaluating the alleged constitutional deficiencies of an ongoing state court proceeding. After considering the record, including Plaintiff's improperly amended complaint, the Court will dismiss it without prejudice. The defendants' unbriefed motions to dismiss (Docket #12, #13, #16, #17) will be denied as moot.

---

the conversation and disagreed with its outcome. In either situation, the scanty allegations do not make a federal case, and Plaintiff should seek recourse, if appropriate, through the state court system. Indeed, there is no indication that Plaintiff moved to recuse the state court judge, or that his rights before the state court were abridged without recourse. As this Court has noted, "so long as there exist unused opportunities at the state level for Plaintiffs to receive due process, a federal court cannot yet say that Plaintiffs were denied due process—it is a matter of ripeness doctrine." *Brewer v. Town of Eagle*, Case No. 20-CV-1820-JPS, 2021 WL 3473243, at *12 (E.D. Wis. Aug. 6, 2021).

Accordingly,

**IT IS ORDERED** that the motions to dismiss (Docket #12, #13, #16, #17) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge